Sarah L. Lee, WSBA No. 27364
Trial Attorney
Email: Sarah3@sarahleelaw.com
705 S. 9th St., Suite #104
Tacoma, WA 98465
Telephone: 253-234-5614

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL A. ROBERTS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC HOSPITAL DISTRICT NO. 1 OF SKAGIT COUNTY., a municipal corporation dba Skagit Regional Health; KIRSTEN L. TAYLOR, an individual; and ASIA C. BOESE, an individual,<br><br>Defendants. | No.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>**[CLERK'S ACTION REQUIRED]** |

**COMES NOW** the Plaintiff Gabriel Roberts, by and through his attorney of record, Sarah L. Lee, Trial Attorney, and plead and allege as follows:

## I.      <u>INTRODUCTION</u>

1.0      This is a civil employment and tort claim action (Codes 442,360) involve both federal and state regulations and laws.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 1

**SARAH L. LEE**
Trial Attorney
 705 S. 9th St. Ste. #104
Tacoma, WA  98405
 ph. (253) 234-5614
 Sarah3@sarahleelaw.com

## II.    <u>NATURE OF ACTION</u>

2.0    This is a civil lawsuit brought by Plaintiff Gabriel Roberts, a young, African American male, and former employee of Skagit Valley Hospital.

2.1    Public Hospital District No. 1 of Skagit County, a municipal corporation, does business as Skagit Regional Health and operates Skagit Valley Hospital.

2.2    Skagit Valley Hospital and its employees and agents conducted a modern-day employment lynching of Plaintiff Roberts, which inflicted severe damage to his person, career, reputation, and livelihood.

2.3    Plaintiff Roberts is requesting the Court grant him compensatory and injunctive relief to remedy the atrocious wrongs and violations of law by defendants in this action.

## III.    <u>PARTIES</u>

3.0    Plaintiff Gabriel Roberts, a single African American man, was at all material times hereto, a resident of Mount Vernon, Skagit County, Washington.

3.1    Skagit County Public Hospital District No. 1, ("District 1") is a municipal corporation, which does business under the name Skagit Regional Health and operates inter alia, Skagit Valley Hospital in Washington State.

3.2    Skagit Valley Hospital, a 137 licensed bed acute care hospital is located in Mount Vernon, Skagit County, Washington.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 2

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

3.3    Skagit County Public Hospital District No. 1 is governed by an elected seven-member Board of Commissioners. The Board appoints the Chief Executive Officer to oversee the District's daily operations and over 2,000 full-time employees.

3.4    For 2023 and 2024, District 1 operated as a municipal corporation on approximately $594.6 million and $684.1 million dollars respectively.

3.5    Defendant Kirsten L. Taylor, a white female, is an employee of Skagit Valley Hospital and at all material times hereto, resided in Skagit County, Washington.

3.6    Defendant Asia C. Boese, a white female, was at all times material hereto, an employee of Skagit Valley Hospital and resided in Skagit County, Washington.

3.7    Defendants Kirsten Taylor and Asia Boese, at all times material hereto, acted as agents and/or employees of Skagit County Public Hospital District No. 1.

3.8    Skagit County Public Hospital District No. 1 employed other agents, which were, at all material times hereto, in supervisory and/or management roles and who violated laws resulting in Plaintiff Roberts' damages/losses.

## IV.    JURISDICTION AND VENUE

4.0    This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 "Federal Question"; 42 U.S.C. § 2000e-2(a)(1) and(2) "Unlawful Employment Practices"; 42 U.S.C. § 2000e-2(m) "Impermissible Consideration of Race, Color, Religion, Sex, or National Origin in Employment Practices; 42 U.S.C. § 1981a "Damages in Cases of Intentional Discrimination in Employment"; 42 U.S.C. § 1983 "Civil

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 3

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

Action for Deprivation of Rights"; 18 U.S.C. § 241 "Conspiracy Against Rights"; 18 U.S.C. § 242 "Deprivation of Rights Under Color of Law"; Revised Code of Washington, Title 49.60 et seq., "Washington Law Against Discrimination"; Revised Code of Washington, Title 9.62.010 "Malicious Prosecution."

4.1    Venue is proper in the Western District of Washington – Seattle pursuant to 28 U.S.C. §1391(b)(1) and (2) because one or more defendants are residents of Washington State and because a substantial part of the events and/or omissions giving rise to plaintiff's claims occurred in Washington State.

**V.    FACTS**

5.0    Plaintiff Gabriel Roberts, a 22-year-old African American male, applied for a position as a Laboratory Assistant with Skagit Regional Health in August of 2024.

5.1    Plaintiff Gabriel Roberts was residing in Kirkland, Washington at the time he applied for the Skagit Valley Hospital and was working contractually for multiple hospitals as a Laboratory Assistant.  Plaintiff Gabriel Roberts had been working as a Laboratory Assistant for the prior three years.

5.2    On September 11, 2024, Skagit Regional Health Human Resources Talent Acquisition Specialist Angela Wisniewski sent Plaintiff Gabriel Roberts a letter consisting of conditional offer of employment as a Laboratory Assistant. The position was represented by the United Food Commercial Workers (UFCW) Union, and her supervisor was Kaia-Jean Braaten.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 4

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.3    The September 11, 2024 offer letter notified Plaintiff Roberts of an anticipated start date of September 2024.  Plaintiff Roberts contacted Skagit Regional Health and accepted the position.

5.4    Plaintiff signed a lease agreement in September 2024 and moved to Mount Vernon on September 27, 2024.

5.5    On September 30, 2024, Plaintiff Roberts began working at Skagit Valley Hospital as a Laboratory Assistant. Plaintiff Roberts performed inpatient and outpatient phlebotomy services, which included collecting, processing, and documenting patient specimens in accordance with hospital and laboratory safety standards

5.6    While working at Skagit Valley Hospital, Plaintiff Roberts was actively engaged in making the patient and employment environment pleasant and welcoming in the phlebotomy department.

5.7    Plaintiff purchased pizza for her coworkers and decorated parts of the hospital for team morale.

5.8    Defendant Kirsten Taylor, Plaintiff Roberts coworker, initially assisted in training Plaintiff Roberts, but they did not work regular shifts together. When Defendant Taylor was working her seven-day, 10-hour shift, Plaintiff Roberts was off for seven days.

5.9    Other coworkers who worked shifts with Plaintiff Roberts often commented to plaintiff that he was kind and nice.

5.10    Plaintiff Roberts also worked extra shifts for extra cash in order to help fill gaps in shifts with less-than-optimal staffing.

5.11    In approximately late November or early December 2025, Defendant Asia Boese started working as a Laboratory Assistant at Skagit Valley Hospital.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 5

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.12    On Saturday, December 21, 2024, Plaintiff Gabriel Roberts was working his shift as scheduled.

5.13    On Sunday, December 22, 2024, Plaintiff Gabriel Roberts worked another shift from 8:30 p.m. to 7:00 a.m, Monday, December 22, 2024.

5.14    Two days later, on Monday December 23, 2024, at 9:03 a.m., Mount Vernon Police Department dispatch received a call from Patrick Fretschel, a Skagit Valley Hospital security guard.

5.15    Patrick Fretschel stated in the call that he was reporting an alleged threatening incident that occurred the previous Sunday, December 22, 2024 amongst three hospital employees.

5.16    Patrick Fretschel stated he had statement forms ready to be picked up regarding the incident.

5.17    Mount Vernon Police Officer B. Ward responded to the December 23, 2024, 9:03 a.m. dispatch call and then contacted Patrick Fretschel using her police issued cell phone.

5.18    Officer Ward spoke with Patrick Fretschel and requested he explain what the incident was about.

5.19    Patrick Fretschel responded and said that he received a report of an alleged employee making threatening statements towards two other employees.

5.20    Patrick Fretschel told Officer Ward that the alleged employee making the alleged threats was plaintiff Gabriel Roberts, a phlebotomist/lab technician.

5.21    Patrick Fretschel told Officer Ward that plaintiff Gabriel Roberts allegedly told two other employees, Asia Boese and Kirsten Taylor, he was going to allegedly "blow up the hospital."

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 6

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.22    Patrick Fretschel told Officer Ward that the two employees, Asia Boese and Kirsten Taylor had already completed statement regarding the alleged incident and the statements were ready to be picked up at the hospital.

5.23    Officer Ward asked Patrick Fretschel if the three employees were available at the hospital then so she could speak with them.

5.24    Patrick Fretschel responded and told Officer Ward that none of the three employees were at the hospital.

5.25    Officer Ward asked Patrick Fretschel if he had Asia Boese or Kirsten Taylor's phone number.

5.26    Patrick Fretschel responded that he did not have their phone numbers.

5.27    Officer Ward ended her telephone discussion with Patrick Fretschel and drove to Skagit Valley Hospital to pick up the statement forms of Asia Boese and Kirsten Taylor.

5.28    Officer Ward arrived at the hospital and met with Patrick Fretschel.

5.29    Patrick Fretschel handed Officer Ward printed copies of Asia Boese's and Kirsten Taylor's statements.

5.30    Officer Ward noticed the statements were not written on an official statement form.

5.31    Officer Ward noted the statements were simply emails from Asia Boese and Kirsten Taylor that had been printed out.

5.32    Patrick  Fretschel admitted to Officer Ward that his prior statement that the alleged incident occurred on December 22, 2024 was incorrect.

5.33    Patrick Fretschel claimed to Officer Ward that the alleged incident occurred on Saturday, December 21, 2024.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 7

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.34    Officer Ward asked Patrick Fretschel if the hospital was looking to press charges on the alleged incident.

5.35    Patrick Fretschel responded to Officer Ward he did not know.

5.36    Patrick Fretschel made calls that lasted a few minutes while Officer Ward was waiting to hear back.

5.37    Patrick Fretschel stated to Officer Ward that Brian Schuman, the hospital's security director, wanted to press charges against plaintiff Gabriel Roberts.

5.38    Officer Ward informed Patrick Fretschel that she would need completed official statement forms from Asia Boese and Kirsten Taylor.

5.39    Patrick Fretschel responded that Asia Boese and Kirsten Taylor would not be at work for a few days but that he would have them write an official statement and submit the completed statements to the police department.

5.40    Officer Ward asked Patrick Fretschel if he had contact information for plaintiff Gabriel Roberts.

5.41    Patrick Fretschel told Officer Ward he did not have plaintiff Gabriel Roberts' contact information.

5.42    Officer Ward asked Patrick Fretschel when plaintiff Gabriel Roberts would be in to work.

5.43    Patrick Fretschel told Officer Ward plaintiff Gabriel Roberts was scheduled to work the following Thursday, December 27, 2024.

5.44    Patrick Fretschel also told Officer Ward he would be having a meeting with management and that plaintiff Gabriel Roberts would likely be fired.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 8

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.45    Officer Ward informed Patrick Fretschel that she would not complete her report until she had received the statements.

5.46    Officer Ward asked Patrick Fretschel if there was any video footage of the alleged incident.

5.47    Patrick Fretschel then showed Officer Ward video footage from December 21, 2024 at approximately 9:30 p.m.

5.48    Officer Ward observed that the video footage showed plaintiff Gabriel Roberts in the hospital hallway and appearing to be talking to someone through a doorway.

5.49    Officer Ward noticed that the people plaintiff Gabriel Roberts was appearing to speak to were not in the video footage.

5.50    Officer Ward also noticed the video footage did not have any audio.

5.51    Patrick Fretschel claimed to Officer Ward that the footage showed the correct time frame of the alleged incident.

5.52    Officer Ward made a copy of the video footage using her department issued cell phone.

5.53    Officer Ward reviewed Asia Boese's and Kirsten Taylor's printed emails.

5.54    According to Asia Boese's email, she works night shift from 8:30 p.m. through 7:00 a.m. as a Lab Assistant/Phelebotomist.

5.55    Asia Boese's email claimed that at the beginning of her shift on Saturday, December 21, 2024 at 9:30 p.m. there was an alleged incident with a fellow coworker.

5.56    Asia Boese's email claimed she was sitting in the basement across from the pharmacy with her two coworkers, Kirsten Taylor and plaintiff Gabriel Roberts.

5.57    Asia Boese's email claimed the three were having a casual conversation.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 9

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.58    Asia Boese's email claimed that out of the blue plaintiff Gabriel Roberts stated he was evil.

5.59    Asia Boese's email claimed Kirsten Taylor asked plaintiff Gabriel Roberts to give Talor three examples of what makes plaintiff Gabriel Roberts evil.

5.60    Asia Boese's email claimed plaintiff Gabriel Roberts said "only reason is necessary – one day he's going to blow up this hospital – you'll see – it will happen – everybody will be able to see on the cameras but they won't be able to hear it."

5.61    Asia Boese's email claimed she and Kirsten Taylor both reached out to a nursing supervisor and their supervisor Kaia Braaten about the alleged comment.

5.62    Asia Boese's email did not identify who the nursing supervisor she was reaching out to after the alleged comment.

5.63    Asia Boese's email did not provide a time when she and Kirsten Taylor reached out to their supervisor Kaia Braaten.

5.64    Kirsten Taylor's email claimed that on December 21, 2024, around 9:30 p.m. there was downtime where she and Asia Boese were sitting down in the basement across from the pharmacy.

5.65    Kirsten Taylor's email claimed plaintiff Gabriel Roberts walked up to where Kirsten Taylor and Asia Boese were sitting and started conversing.

5.66    Kirsten Taylor's email claimed that out of nowhere plaintiff Gabriel Roberts went on to say that he is a very evil person.

5.67    Kirsten Taylor's email claimed she asked plaintiff Gabriel Roberts to elaborate and give her 3 logical explanations as to why plaintiff Roberts feels he is a very evil person.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 10

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.68    Kirsten Taylor's email claimed plaintiff Gabriel Roberts explained to Taylor that "all he needed was one – and that should justify it – that Roberts was going to blow up this hospital – and it would be caught on camera – but you wouldn't be able to hear anything – and said you just watch – it's going to happen.

5.69    Kirsten Taylor's email claimed that she and Asia Boese went to go report the situation to "Tanya" the night shift nursing supervisor the morning of December 23, 2024.

5.70    Kirsten Taylor's email claimed as she and Asia Boese were walking out of the hospital building, they ran into their supervisor Kaia Braaten who allegedly asked if they could have a sit-down meeting about a very concerning situation.

5.71    Officer Ward noted Asia Boese's and Kirsten Taylor's emails did not provide their contact details.

5.72    Officer Ward tried to locate plaintiff Gabriel Robert's contact information in the local law enforcement database but was unable to locate any information about Roberts.

5.73    Officer Ward noted the information provided by Patrick Fretschel was insufficient to be able to locate plaintiff Gabriel Roberts in the Department of Licensing database.

5.74    Officer Ward was off shift on Thursday, December 26, 2024, and therefore was unable to meet with plaintiff Gabriel Roberts to ask for his statement of the alleged incident.

5.75    On January 4, 2025, Officer Ward received Asia Boese's official statement.

5.76    On January 6, 2025, Officer Ward received Kirsten Taylor's official statement.

5.77    On January 6, 2025, Officer Ward contacted Asia Boese using the phone number documented in Boese's official statement.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 11

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.78    Officer Ward spoke telephonically to Asia Boese and confirmed that Boese had written and signed her official statement.

5.79    Officer Ward asked Asia Boese what her position was at Skagit Valley Hospital.

5.80    Asia Boese responded to Officer Ward informing Ward that she was a phelobotomist.

5.81    Officer Ward asked Asia Boese if she worked with plaintiff Gabriel Roberts while in her position.

5.82    Asia Boese responded and told Officer Ward that yes and stated that her and Roberts were scheduled to work together seven days in a row.

5.83    Officer Ward asked Asia Boese how long she had worked with plaintiff Gabriel Roberts.

5.84    Asia Boese responded that she was a new hire and had only worked four full shifts and a few partial shifts with plaintiff Roberts.

5.85    Asia Boese volunteered to Officer Ward that she barely knew plaintiff Gabriel Roberts and that Roberts was friendly and cordial.

5.86    Officer Ward asked Asia Boese if the alleged comment made by plaintiff Gabriel Roberts about blowing up the hospital made her fearful he would carry out this action in real life.

5.87    Asia Boese claimed to Officer Ward that she thought plaintiff Gabriel Roberts was completely serious and not smiling when allegedly making the threat.

5.88    Officer Ward asked Asia Boese if plaintiff Gabriel Roberts had made any other statements that made Boese uneasy or concerned for her safety.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 12

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.89    Asia Boese responded by informing Officer Ward that plaintiff Gabriel Roberts had never made threatening statements, however, claimed Gabriel had said he was proud to be evil and made a statement about being "not human."

5.90    Officer Ward asked Asia Boese if plaintiff Gabriel Roberts still worked at Skagit Valley Hospital.

5.91    Asia Boese told Officer Ward plaintiff Gabriel Roberts was on paid administrative leave and she had not seen him since then.

5.92    Officer Ward asked Asia Boese if she had plaintiff Gabriel Robert's contact information.

5.93    Asia Boese told Officer Ward that she had plaintiff Gabriel Roberts phone number and provided the number.

5.94    Asia Boese also claimed to Officer Ward that she and plaintiff Gabriel Roberts had never messaged each other.

5.95    Officer Ward after ending his call with Asia Boese, called Kirsten Taylor using the phone number documented in Taylor's official statement.

5.96    Kirsten Taylor did not answer Officer Ward's call.

5.97    Officer Ward left Kirsten Taylor a voice mail message asking Taylor to call Ward back.

5.98    Officer Ward after leaving Kirsten Taylor a voice mail message, then called and spoke with plaintiff Gabriel Roberts.

5.99    Officer Ward informed Roberts the reason for her contact and requested Roberts to explain what happened.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 13

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.100    Officer Ward noted plaintiff Roberts was very upset and Roberts told Officer Ward he had been placed on paid administrative leave without anyone explaining anything to him.

5.101    Plaintiff Gabriel Roberts informed Officer Ward that he received a call from his manager on December 23, 2024, telling him not to come into work for any additional shifts and placing Roberts on paid leave.

5.102    Plaintiff Gabriel Roberts informed Officer Ward he was confused and called multiple times to get clarity on the situation.

5.103    Plaintiff Gabriel Roberts informed Officer Ward that his manager responded and told him he was sent home due to behavioral issues.

5.104    Plaintiff Gabriel Roberts informed Officer Ward he received an email on December 27, 2024 from his employer requesting he return to work for a scheduled meeting.

5.105    Plaintiff Gabriel Roberts informed Officer Ward he went to the scheduled meeting and was asked if ever said he was going to bomb the hospital.

5.106    Plaintiff Gabriel Roberts informed Officer Ward he denied ever saying he was going to bomb the hospital when asked by his employer.

5.107    Plaintiff Gabriel Roberts informed Officer Ward he denied ever saying he was evil when asked by his employer.

5.108    Plaintiff Gabriel Roberts informed Officer Ward that as a joke days prior to the purported incident he stated he wasn't human when he almost cut his finger with a knife while in the kitchen.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 14

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.109    Plaintiff Gabriel Roberts informed Officer Ward that he never any bomb threats and never had any discussions with anyone he worked with at the hospital about any bomb threats.

5.110    Plaintiff Gabriel Roberts informed Officer Ward that he had worked in healthcare for five years and started at Skagit Valley Hospital in September 2025 after working as a traveling phelobotomist.

5.111    Plaintiff Gabriel Roberts informed Officer Ward he had no idea who at the hospital would allege he made bomb threats at any time during his employment.

5.112    Plaintiff Gabriel Roberts informed Officer Ward that he was sad and disappointed about the allegation.

5.113    Officer Ward informed plaintiff Gabriel Roberts that the hospital was pursuing charges for the reported threat.

5.114    Officer Ward submitted charges for RCW 9A.46.20 criminal harassment.

5.115    On January 6, 2025, Defendant District 1 terminated plaintiff Gabriel's employment.

5.116

5.117    On January 11, 2025, Officer Ward received a call back from Defendant Kirsten Taylor.

5.118    Defendant Taylor confirmed to Officer Ward she worked with plaintiff Gabriel Roberts and Taylor claimed she trained Roberts as a part of Roberts' overall training, and had worked a couple of shifts with him .

5.119    Defendant Taylor told Officer Ward that she did not "mesh" with plaintiff Gabriel Roberts because Taylor claimed he was difficult to train.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 15

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.120    Defendant Taylor told Officer Ward she felt like plaintiff Gabriel Roberts "acted like he knew everything."

5.121    Defendant Taylor told Officer Ward she though plaintiff she thought plaintiff Gabriel Roberts "didn't have anything to show for it" – meaning Roberts' five year healthcare career.

5.122    Defendant Taylor told Officer Ward she thought  plaintiff Roberts would often make mistakes and claimed Roberts had to be put back in training and she was his last trainer.

5.123    Officer Ward asked defendant Taylor if plaintiff Roberts had made any threats or comments that made Taylor feel uncomfortable during training.

5.124    Defendant Taylor denied  to Officer Taylor that plaintiff Gabriel Roberts made any threats or comments during training.

5.125    Defendant Taylor then told Officer Ward that "he made her feel like there was something off there."

5.126    Defendant Taylor claimed to  Officer Ward plaintiff Roberts "talked about himself a lot"

5.127    Officer Ward then asked defendant Taylor if the alleged bomb threat comment made her fearful and Taylor claimed it did and then added "it made me question what he was capable of…and proved to her he was about it."

5.128    As a result of the false and malicious bomb threat charge that evolved into a criminal legal case in Skagit Municipal Court under case number 5A151043, plaintiff Roberts' ability to find work in the healthcare field has been significantly encumbered as the case comes up in employment background checks.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 16

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

5.129   On October 8, 2025, plaintiff Gabriel Roberts appeared in Skagit County Municipal Court for his case and requested that the harassment charge be dismissed.

5.130   On October 8, 2025, Skagit County Municipal Court granted plaintiff Gabriel Roberts request to dismiss the harassment charge in the interests of justice.

5.131   As a result of the false and malicious bomb threat and resulting criminal charge, plaintiff Gabriel Roberts suffered and continues to  suffer severe emotional distress, medical expenses, wage loss, and loss of earning capacity

5.132   On September 15, 2025, plaintiff Gabriel Roberts filed a charge of sex and racial employment discrimination with the U.S. Equal Employment Opportunity Commission (EEOC)  – charge number 551-2025-07821 pursuant to 42 U.S.C. § 2000e-5.

5.133   On December 13, 2025, plaintiff submitted his completed and signed Tort Claim to Skagit County Public District No. 1, pursuant to RCW 4.96.

5.134   On December 22, 2025, the EEOC Seattle Field Office issued plaintiff Gabriel Roberts its Notice of Right to Sue Letter.

5.135   As of March 20, 2026, more than 60 days have elapsed since plaintiff Gabriel Roberts' submission of his Tort Claim against Defendant Public Hospital District No. 1 of Skagit County.

## VI.   CAUSES OF ACTION

6.0   Plaintiff re-alleges and incorporates by reference each and every allegation as set forth in the preceding paragraphs 1 through 5.135 for the causes of action stated below.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 17

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

## VII.    FIRST CAUSE OF ACTION
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED
## 42 U.S.C. § 1981
## PLAINTIFF ROBERTS AGAINST DEFENDANT PUBLIC HOSPITAL DISTRICT
## NO. 1 OF SKAGIT COUNTY

7.0    <u>Claim 1 – Race Discrimination</u>

7.1    Defendants discriminated against plaintiff Gabriel Roberts in the terms and conditions of his employment based on and/or because of race in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981

7.2    Defendants created, allowed, and/or maintained a hostile work environment on the basis of and/or because of race in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

7.3    Defendant Public Hospital District No. 1 of Skagit County also failed to adequately implement and/or enforce its antidiscrimination policies and/or adequately or properly train its employees.

7.4    The acts, omissions, conduct, and failures of defendant Public Hospital District No. 1 of Skagit County constitute deliberate indifference to the civil rights of plaintiff Gabriel Roberts under federal law.

7.5    As a result of the violations of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, plaintiff Gabriel Roberst has been injured and damaged in an amount to be proven at trial, for which he is each entitled to recover all actual and compensatory, economic and non-economic, special and general damages.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 18

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

7.6     Plaintiff Gabriel Roberts is further entitled to an award for his costs, litigation expenses, and reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, and other authority.

7.7     The conduct, acts, and/or omissions of defendant Public Hospital District No. 1 of Skagit County constitute willful, deliberate, reckless, or callous indifference to and/or reckless disregard for the civil rights of plaintiff Gabriel Roberts, and/or arose from ill will, malice, evil motive or intent, giving rise to an award of punitive damages as to plaintiff Gabriel Roberts against defendant Public Hospital District No. 1 of Skagit County under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, 42 U.S.C. §1981a,

and other authority.

7.8     <u>Claim 2 – Sex/Gender Discrimination</u>

7.9     Defendants discriminated against plaintiff Gabriel Roberts in the terms and conditions of his employment based on and/or because of gender in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981

7.10     Defendants created, allowed, and/or maintained a hostile work environment on the basis of and/or because of gender in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

7.11     Defendant Public Hospital District No. 1 of Skagit County also failed to adequately implement and/or enforce its antidiscrimination policies and/or adequately or properly train its employees.

7.12     The acts, omissions, conduct, and failures of defendant Public Hospital District No. 1 of Skagit County constitute deliberate indifference to the civil rights of plaintiff Gabriel Roberts under federal law.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 19

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

7.13    As a result of the violations of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, plaintiff Gabriel Roberts has been injured and damaged in an amount to be proven at trial, for which he is each entitled to recover all actual and compensatory, economic and non-economic, special and general damages.

7.14    Plaintiff Gabriel Roberts is further entitled to an award for his costs, litigation expenses, and reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, and other authority.

7.15    The conduct, acts, and/or omissions of defendant Public Hospital District No. 1 of Skagit County constitute willful, deliberate, reckless, or callous indifference to and/or reckless disregard for the civil rights of plaintiff Gabriel Roberts, and/or arose from ill will, malice, evil motive or intent, giving rise to an award of punitive damages as to plaintiff Gabriel Roberts against defendant Public Hospital District No. 1 of Skagit County under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, 42 U.S.C. §1981a, and other authority.

**VIII. SECOND CAUSE OF ACTION**
**VIOLATION OF EQUAL PROTECTION CLAUSE TO THE U.S. CONSTITUTION AND THE CIVIL RIGHTS ACT OF 1871, AS AMENDED  42 U.S.C. § 1983 PLAINTIFF ROBERTS AGAINST DEFENDANT PUBLIC HOSPITAL DISTRICT NO. 1 OF SKAGIT COUNTY**

8.0    Plaintiff realleges above paragraphs 1.0 through 7.15.

8.1    <u>Claims – Race and Sex/Gender Discrimination</u>

8.2    Defendants discriminated against plaintiff Gabriel Roberts in the terms and conditions of his employment based on and/or because of race and  sex/gender.  The conduct, acts, or omissions of defendants violate the Equal Protection Clause of the Fourteenth

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 20

**SARAH L. LEE**
Trial Attorney
 705 S. 9th St. Ste. #104
Tacoma, WA  98405
 ph. (253) 234-5614
Sarah3@sarahleelaw.com

Amendment to the United States Constitution and the Civil Rights Act of 1871, *as amended*, 42 U.S.C. § 1983.

8.3     Defendant Public Hospital District No. 1 of Skagit County, as directed, allowed, engaged in, conducted, and maintained by defendants Taylor and Boese, had a policy and/or custom to maintain a discriminatory and hostile work environment and/or had a policy and/or custom of deliberate indifference to the existence of discrimination and a hostile work environment. Public Hospital District No. 1 of Skagit County maintained a persistent, widespread, long-term, and/or well-established practice of discrimination; and Public Hospital District No. 1 of Skagit County allowed its employees to discriminate and subjected plaintiff Gabriel Roberts to a hostile work environment based on and/or because of race and sex/gender.

8.4     Defendant Public Hospital District No. 1 of Skagit County also failed to adequately implement and/or enforce its antidiscrimination policies and/or adequately or properly train its employees.

8.5     The acts, omissions, conduct, and failures of defendant Public Hospital District No. 1 of Skagit County constitute deliberate indifference to the civil rights of plaintiff Gabriel Roberts under federal law.

8.6     As a result of the violations of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983, plaintiff Gabriel Roberts has been injured and damaged in an amount to be proven at trial, for which he is each entitled to recover all actual and compensatory, economic and non-economic, special and general damages.

8.7     Plaintiff Gabriel Roberts is further entitled to an award for his costs, litigation expenses, and reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, and other authority.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 21

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

8.8    The conduct, acts, and/or omissions of defendant Public Hospital District No. 1 of Skagit County constitute willful, deliberate, reckless, or callous indifference to and/or reckless disregard for the civil rights of plaintiff Gabriel Roberts, and/or arose from ill will, malice, evil motive or intent, giving rise to an award of punitive damages as to plaintiff Gabriel Roberts against defendant Public Hospital District No. 1 of Skagit County under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, 42 U.S.C. §1981a, and other authority; Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.

8.9    Plaintiff realleges above paragraphs 1.0 through 8.8.

## IX.    THIRD CAUSE OF ACTION
### DISPARATE TREATMENT ON THE BASIS OF RACE AND SEX/GENDER
### TITLE VII OF THE CIVIL RIGHTS ACT

9.0    Plaintiff realleges above paragraphs 1.0 through 8.8.

9.1    Under Title VII, it is an unlawful employment practice for an employer to discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of such individual's race or sex/gender.

9.2    Plaintiff Gabriel Roberts is Black and male.

9.3    Defendant Public Hospital District No. 1 of Skagit County violated Title VII by subjecting plaintiff Gabriel Roberts, hostile comments, investigation, and wrongful termination because of his race and/or his sex/gender.

9.4    As a direct and proximate result of Defendant Public Hospital District No. 1 of Skagit County's unlawful conduct, plaintiff Gabriel Roberts suffered lost wages and financial benefits of employment, emotional pain, grief, humiliation, and other damages in amounts to be proved at trial.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 22

SARAH L. LEE
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

## X.    FOURTH CAUSE OF ACTION
### RACE AND SEX DISCRIMINATION
### WASHINGTON LAW AGAINST DISCRIMINATION
### RCW 49.60

10.0    <u>Claim 1 – Race Discrimination</u>

10.1    The conduct, acts, and/or omissions of Defendant Skagit County Public Hospital District No. 1. Constitute independent, separate acts in violation of chapter 49.60 as follows:

10.2    Disparate discriminatory treatment and hostile work environment substantially motivated by or based on race and/or color as to plaintiff Gabriel Roberts

10.3    <u>Claim 2 – Sex/Gender Discrimination</u>

10.4    Disparate discriminatory treatment and hostile work environment substantially motivated by or based on sex/gender as to plaintiff Gabriel Roberts.

10.5    Each such act or acts, singularly and/or collectively, are in violation of chapter 49.60 for which Defendant Skagit County Public Hospital District No. 1 is liable.

10.6    The conduct, acts, and/or omissions of defendant Kirsten Taylor acting on behalf of Defendant Skagit County Public Hospital District No. 1 constituted violations of chapter 49.60 RCW, for which she is personally and individually liable pursuant to RCW 49.60.040(11) and in accordance with the principles established under *Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 358, 361 (2001).

10.7    The conduct, acts, and/or omissions of defendant Asia Boese acting on behalf of Defendant Skagit County Public Hospital District No. 1 constituted violations of chapter 49.60 RCW, for which she is personally and individually liable pursuant to RCW 49.60.040(11) and in accordance with the principles established under *Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 358, 361 (2001).

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 23

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

10.8    As a result of the discriminatory and retaliatory acts in violations of chapter 49.60 RCW,  plaintiff Gabriel Roberts has been injured and damaged in an amount to be proven at trial, for which he is entitled to recover all her actual and compensatory, economic and non-economic, special and general damages, past and future.

10.9    Plaintiff Gabriel Roberts further entitled to recover his costs, litigation expenses, and reasonable attorneys' fees against defendants pursuant to chapter 49.60 RCW; interest on economic damages as liquidated amounts, and compensation in the form of a gross-up to account for the increased amount of federal tax liability on economic damages awarded.

## XI.    FIFTH AND SIX CAUSES OF ACTION
### DEFAMATION PER SE & LIBEL

11.0    Plaintiff Gabriel Roberts realleges above paragraphs 1.0 through 10.9.

11.1    Defendants knowingly made false oral and written statements, expressed as fact, constituting Defamation Per Se and Libel under RCW 4.36.120 as (1) they maliciously stated plaintiff Gabriel Roberts made a threat to bomb their workplace, (2) subjected plaintiff to hatred, distrust, ridicule, contempt and disgrace by tarnishing his reputation in the healthcare industry, and (3) injuring him in trade and profession.

11.2    Plaintiff Gabriel Roberts  has been injured by such defamation per se and libel in an amount to be proven at trial.

## XII.    SEVENTH CAUSE OF ACTION
### MALICIOUS PROSECUTION/ABUSE OF PROCESS RCW 9.62. ET SEQ.

12.0    Plaintiff Gabriel Roberts realleges above paragraphs 1.0 through 11.2

12.1    Defendants maliciously and without probable cause therefore caused plaintiff Gabriel Roberts to be arrested and proceeded against for the crime of misdemeanor harassment of which he is innocent.

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 24

**SARAH L. LEE**
Trial Attorney
 705 S. 9th St. Ste. #104
Tacoma, WA  98405
 ph. (253) 234-5614
 Sarah3@sarahleelaw.com

## XIII.    EIGHTH CAUSE OF ACTION
## INTENTION INFLICTION OF EMOTIONAL DISTRESS

13.0    Plaintiff Gabriel Roberts realleges above paragraphs 1.0 through 11.2.

13.1    The Defendants' conduct has resulted in evidence showing all three elements of intentional infliction of emotional distress as they (1) participated in extreme and outrageous conduct through their unwarranted, public and repeated statements claiming plaintiff Gabriel Roberts threatened to bomb their workplace – Skagit Valley Hospital, (2) which both intentionally and recklessly inflict emotional distress on plaintiff and (3) did severely harm Plaintiff Gabriel Roberts emotional well-being and social confidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  For a judgment of liability in favor of Plaintiff and against Defendants;

B.  That this case be tried to a jury;

C.  For injunctive relief to mitigate plaintiff's harms and losses caused by Defendants;

D.  For an award of  economic and non-economic damages in favor of Plaintiff;

E.  For prejudgment interest at the statutory rate on economic damages incurred by Plaintiff;

F.  For Plaintiff's costs and disbursements herein and reasonable attorney fees;

G.  For such further relief as the Court seems just and equitable.

DATED this 20th day of March, 2026.

TRIAL ATTORNEY

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 25

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com

By:        _/s/ Sarah L. Lee_____
Sarah L. Lee, WSBA# 27364
Attorney for Plaintiff Gabriel Roberts

PLAINTIFF ROBERTS'
COMPLAINT FOR DAMAGES
& INJUNCTIVE RELIEF - 26

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Ste. #104
Tacoma, WA  98405
ph. (253) 234-5614
Sarah3@sarahleelaw.com